UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA,
TAMPA DIVISION

WALTER A. PANNONE,                              Case No.:

Plaintiff,

v.

CHSPSC, LLC d/b/a VENICE
REGIONAL MEDICAL CENTER,

Defendant.

_____/

## PLAINTIFF WALTER A. PANNONE'S COMPLAINT

Plaintiff, Walter A. Pannone, by and through his undersigned counsel, files this, his complaint against Defendant, CHSPSC, LLC d/b/a (hereinafter, "Defendant"), an employer as defined in the state of Florida, and states as follows in support thereof:

## NATURE OF THE ACTION

1. This is a proceeding for damages and injunctive relief to redress the deprivation of rights secured to Plaintiff by the Age Discrimination in Employment Act of 1967 (ADEA) 29 U.S.C. §§ 621 et seq.

## PARTIES

2. Walter A. Pannone is an individual currently residing in Venice, Sarasota, County, Florida. He is a citizen of the United States and a resident of the state of

1

Florida. Plaintiff is a person entitled to protection pursuant to the provisions of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq.

3. During all relevant times, Plaintiff Walter A. Pannone was an employee of Defendant.

4. Defendant is a business with an office located in Venice, Sarasota County, Florida.

5. At all times relevant to the allegations in this Complaint, Defendant operated from a facility in Venice, Florida.

6. Defendant is engaged as a regional hospital.

7. At all relevant times, Defendant employed more than 75 people.  Defendant was the employer of Plaintiff Walter A. Pannone at all times relevant to this action.

## **JURISDICTION**

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this matter involves a federal question based upon the 29 U.S.C. §§ 621 et seq. This Honorable Court has jurisdiction over this matter as this case arises under the equal protection clause of the Fourteenth Amendment to the United States Constitution and poses a question of federal law.

9. The Tampa District Court is the proper venue for this action pursuant to 28 U.S.C. §1391 (b)(l) and (b)(2) because this is the District and Division in which a substantial part of the events or omissions giving rise to the claims occurred.

## VENUE

10. The unlawful employment practices alleged below were within the state of Florida, in Venice. Accordingly, venue lies in the United States District Court for the Middle District of Florida, Tampa Division under 29 U.S.C. § 1391(b) and 28 U.S.C. § 1391(a).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff Walter A. Pannone timely filed this action, as was his right, after receiving a written appeal decision from the U.S. Equal Employment Opportunity Commission, Office of Federal Operations. A copy of said decision is attached hereto and marked Exhibit "A." Said Exhibit "A" is incorporated herein as though set forth in full. Plaintiff regrets said EEOC has failed to effect voluntary compliance with the requirements of the Age Discrimination in Employment Act 29 U.S.C. §§ 621 et seq. on the part of said Defendant.

## STATEMENT OF FACTS

12. Plaintiff Walter A. Pannone, age 70, was a Chief Nursing Officer at Defendant's hospital.

13. He was recruited for the position and he and his wife relocated from Texas for this opportunity.

14. He was employed for fifteen months by Defendant Venice Regional Bayfront Health.  He supervised hundreds of nurses and always received good evaluations.

15. He was fired by his employer.

16. Approximately seven weeks prior to his termination, the topic of his age came up in a meeting with the other C-suite leadership.

17. I asked, "how old do you think I am? I will be 70 years old this year." Mr. Pannone reasonably appears younger than his age.

18. Over the next several weeks, several people came up to him including a physician and said to the effect, "there is a rumor going around that you are going to be 70."

19. He was subsequently fired with no warning or disciplinary action. Plaintiff Pannone was not given a reason for his termination. Any reason was pretext.

20. He and his wife may have to relocate.

21. There are a finite number of Chief Nursing Officers nationwide as each hospital only needs one.

22. He has been forced to applying for bedside jobs and being asked why he wants to return to that work given his experience and expertise.

## STATEMENT OF CLAIMS COUNT I: RETALIATION

23. Plaintiff Walter A. Pannone realleges and incorporates in this Count I Paragraphs 12 through 22.

24. This is a cause of action for retaliation under the Age Discrimination in Employment Act 29 U.S.C. §§ 621 et seq.

25. Plaintiff Walter A. Pannone engaged in the statutorily protected activities of accepting the work offered him by the Defendant and engaging in that work.

26. He suffered adverse employment actions of being asked his age by several superiors in the hospital and then being fired without pretextual reason within weeks.

27. The causal link between these events is demonstrated, at least in part, by the close proximity in time between these events.

28. But for the discrimination and retaliation by the Defendant's agents toward Plaintiff Walter A. Pannone, he would be employed as its chief nursing officer.

29. Defendant's refusal to retain Plaintiff Walter A. Pannone to his proper position was in retaliation against Plaintiff Walter A. Pannone.

## COUNT II: AGE DISCRIMINATION

30. Plaintiff Walter A. Pannone alleges and incorporates in this Count II paragraphs 12-29.

31. Plaintiff Walter A. Pannone's age (70) was a determining factor in Defendant's decision to terminate him.

32. Defendant knowingly and willfully discriminated against Plaintiff Walter A. Pannone the basis of his age in violation of the Age Discrimination in Employment Act 29 U.S.C. §§ 621 et seq.

## DAMAGES

33. As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices, Plaintiff Walter A. Pannone has suffered a loss of income, including, but not limited to, past and future wages, benefits, expenses, payment for insurance and various other expenses, pain and suffering, compensatory damages and punitive damages, all to be specified at trial.

## INJUNCTIVE RELIEF

34. Plaintiff Walter A. Pannone restates, realleges, reavers and hereby incorporates by reference any and all allegations of paragraphs 12 through 32, inclusive, herein. In addition, Plaintiff Walter A. Pannone alleges that Defendant's discriminatory actions herein must be enjoined by this Court in order to force Defendant to comply with law. It is suggested that the injunction be specific in enjoining Defendant and its employees, agents and representatives.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Walter A. Pannone respectfully prays for judgment against Defendant as follows:

For a money judgment representing compensatory damages, including, lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

For a money judgment representing punitive damages for Defendant's willful violations of law; liquidated (compensatory) damages pursuant to 29 U.S.C. §626(b);

For a money judgment representing prejudgment interest, if applicable;

Reinstatement and restoration of benefits upon conditions that Plaintiff Walter A. Pannone and supervisors be enjoined to comply with the law.

That this Court retain jurisdiction over this action until Defendant has fully complied with the orders of this Court, and that this Court require defendant to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable provisions;

For lost monies and damages pertaining to out-of-pocket expenses, especially related to, but not limited to, medical expenses, and loss of retirement benefits;

For suit costs, including an award for reasonable attorney's fees, expert fees; and for such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff Walter A. Pannone herein demands a trial by jury of all issues in this Action pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated this 10th day of April, 2018.

_____

Kevin F. Sanderson, Esq.

7

Florida Bar No. 598488
Merritt & Sanderson, P.A.
690 South Tamiami Trail
Osprey, Florida 34229
Tel: (941) 244-0468
Fax: (941) 219-4224
kevin@srqattorney.com
Trial Attorney for Walter A. Pannone